IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JAMES R. BOSTAIN AND
ALLINE M. DOVE                                  PLAINTIFFS

V.                           CIVIL ACTION NO. 2:04CV256-B-A

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA D/B/A
ASSURANT GROUP                            DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

### Factual and Procedural Background

The plaintiffs, James R. Bostain and Alline M. Dove, filed this lawsuit in the Circuit Court of Tunica County, Mississippi, on August 4, 2004, alleging claims for benefits under a mobile homeowner's policy issued by the defendant, American Bankers Insurance Company ("ABIC"). The plaintiffs also alleged bad faith failure to pay benefits. The defendant removed the case to this court on August 31, 2004, asserting diversity jurisdiction.[1]

Plaintiff Bostain purchased the subject insurance policy in 1996 to insure the 1996 Oakwood mobile home he purchased from Oakwood Mobile Homes, Inc., and financed through Oakwood Acceptance Corporation. Plaintiff Dove co-signed the loan. The policy contains a provision entitled "Comprehensive Personal Effects Coverage," which provides, in relevant part,

---

[1] The plaintiffs amended their complaint on December 14, 2004, to add Vanderbilt Mortgage & Finance, Inc., as a defendant. Vanderbilt had assumed the mortgage on the mobile home from Oakwood Acceptance Corporation, the original financing company. Vanderbilt was later dismissed by agreement, and the only remaining defendant is ABIC.

"Physical damage doesn't provide payment for . . . [l]oss by theft to personal effects if the mobile home is not lived in or is vacant for more than 30 consecutive days before the loss."

Bostain was absent from the property upon which the mobile home was located from November 2002 until February 2003. Upon his return, he discovered that the mobile home was missing. On February 5, 2003, Bostain filed a report with the Tate County Sheriff's Department that the mobile home had been stolen. The mobile home was located later that same day on property in Tunica County, Mississippi. Bostain filed a claim under the ABIC policy on February 11, 2003.

An ABIC claims examiner, Linda Steenhoff, informed Bostain that his personal effects were not covered due to the policy's thirty-day vacancy exclusion. ABIC obtained three dealer quotes and reviewed the NADA Guide value of the mobile home to determine that the actual cash value of the home prior to the loss was $21,614.64. ABIC issued a check in that amount payable to Oakwood Acceptance Corporation for Bostain's account. The total amount owed on the loan, however, was $26,810.76, leaving a balance due by Bostain in the amount of $5196.12.

The plaintiffs filed the present action alleging that the defendant failed and refused to pay benefits in full. They seek compensation for unpaid benefits and further assert that they are entitled to punitive damages because the defendant acted in bad faith. The defendant has moved for summary judgment.

## Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274 (quoting Fed. R. Civ. P. 56(c), 56(e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

## Analysis

In determining whether a genuine issue for trial exists on a claim for wrongful denial of insurance benefits, the court must first examine the policy at issue. The plaintiffs claim that ABIC wrongfully denied benefits when it failed to pay the full loan amount for the mobile home. The policy contains a section outlining ABIC's payment methods to which the parties agreed. The section states, in relevant part:

> The amount we pay for loss of, or damage to your mobile home, adjacent structures and personal effects except for the payment methods of Natural Disaster Protection will be the lowest of:
>
> > The difference between the actual cash value of your property immediately before the loss and its actual cash value immediately after the loss, or
> >
> > The cost of repairing the damage, or

3

> The actual cash value of your property immediately preceding the loss, or
>
> The cost of replacing your property, or
>
> The amount of insurance shown on Page One.
>
> We may also replace the property with property of similar kind, quality and value.

The complaint alleges that the plaintiffs "were never advised by [ABIC] that they may be requested to pay an additional amount to the mortgage company over and above insurance proceeds up to the coverage amount, in the event of a total loss." Yet the plaintiffs entered into the policy agreement containing the above-referenced language. "Under Mississippi law, it is well-settled that a party to a contract is presumed to have knowledge of the contents of the contract that he or she signed." *Citifinancial, Inc. v. Newton*, 369 F. Supp. 2d 545, 550 (S.D. Miss. 2005). This presumption has considerable force, as "knowledge of the contents of a contract will be imputed to a contract party even though he did not read the contract before signing it." *Newton*, 369 F. Supp. at 550 (quoting *Brumfield v. Pioneer Credit Co.*, 291 F. Supp. 2d 462, 469 (S.D. Miss. 2003)).

ABIC paid the actual cash value of the property immediately preceding the loss. The defendant arrived at this figure by obtaining three separate dealer quotes and by consulting the NADA guide. The parties agreed to this method of payment in the policy agreement, and ABIC appears to have made a diligent and reasonable attempt to determine the actual cash value of the mobile home. The court finds that the plaintiffs' claim for breach of contract as it relates to the amount of benefits paid by ABIC must fail.

As to the plaintiffs' claim that they should recover for the loss of their personal effects, again the court turns to the language of the policy agreement. The policy defines personal effects and then states, "Physical damage doesn't provide payment for . . . [l]oss by theft to personal effects if the mobile home is not lived in or is vacant for more than 30 consecutive days before the loss." It is uncontested that no one lived in the mobile home from November 2002 until February 2003, when Bostain returned to discover the mobile home missing from the property. This undisputed fact clearly triggers the exclusion quoted above, and the plaintiffs' claim for breach of contract regarding coverage of personal effects must fail.

The mobile home was ultimately sold for salvage, and the plaintiffs assert that the salvage company disposed of the plaintiffs' personal effects. The plaintiffs contend that the defendant wrongfully failed to inform them of the date on which this action would take place. As addressed above, the vacancy exclusion operated to deny the plaintiffs of personal effects coverage. Further, the record reveals that the plaintiffs had adequate opportunity to retrieve their personal effects, as the mobile home was located the same day that Bostain discovered it missing in February 2003. The salvage company did not remove the mobile home and its contents until May 2003. The court does note, however, that the decent and honorable action would have been for the defendant to notify the plaintiffs of a specific date upon which this event would take place. Unfortunately, the court is aware of no legal duty – contractual or otherwise – on the insurance company's part to do so. The plaintiffs' argument is, therefore, without merit.

The plaintiffs also request punitive damages. For obvious reasons, that claim must fail. Having found that the defendant acted in accordance with its contractual rights and obligations,

the court finds no question regarding the issue bad faith.  No genuine issue of material fact exists in this cause, and the defendant is entitled to judgment as a matter of law on all claims.

Conclusion

For the foregoing reasons, the court finds that the defendant's motion for summary judgment is well-taken and shall be granted.  An order in accord with this opinion shall issue this day.

This, the 22nd day of August, 2006.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**